Filed 4/5/23  P. v. Riser CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B318427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA075152) |
| v. | |
| DEANDRE BRANDON RISER, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Deandre Brandon Riser (defendant) appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code

former section 1170.95, now section 1172.6.[1]  As we conclude that the trial court did not err, we affirm the court's order.

## BACKGROUND

In 2012 a jury convicted defendant of one count of first degree murder and eight counts of attempted willful, deliberate, and premeditated murder.  The jury found true the special allegations that defendant personally used and intentionally discharged a firearm, causing great bodily injury or death to the victims, and that the crimes were committed in association with a criminal street gang.  Defendant was sentenced to a term of 395 years to life in prison.  After rejecting his claim that his jailhouse conversation was recorded in violation of the Fourth Amendment to the United States Constitution, we affirmed the judgment in *People v. Riser et al.* (Oct. 1, 2014, B245327) [nonpub. opn.].

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The Legislature also added what is now section 1172.6,

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

2

which provides a procedure for those convicted of murder to seek retroactive relief if they could not now be convicted under the amended laws.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Defendant filed a section 1172.6 petition on July 2, 2021, alleging that he had been convicted of murder under the felony murder rule or the natural and probable consequences doctrine, and that he was not the actual killer.  The trial court appointed counsel for defendant, the prosecutor filed a response in opposition to the petition, and defendant filed a reply to the opposition.  The trial court, which had presided over defendant's 2012 trial, reviewed the documents submitted by the parties, which included our unpublished opinion in *People v. Riser, supra,* B245327, and heard the argument of counsel.  The court denied the petition on February 8, 2022, after finding that defendant had not demonstrated a prima facie case that he qualified for relief under the statute, as he was prosecuted and convicted, not as an aider and abettor under a felony murder theory, but as the actual shooter who personally used a firearm.

Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSION

After examination of the record, appointed counsel filed an opening brief raising no issues.  Where appointed counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.)  However, even if we do not independently review the record to

3

identify unraised issues in such a case, we give the defendant the opportunity to file his own supplemental brief or letter and we evaluate any specific arguments raised. (See *id.*, at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal, informed him of his right to file his own supplemental brief, and that the court of the appeal may dismiss his appeal as abandoned if he does not do so. On January 10, 2023, we notified defendant of counsel's brief and gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered. More than 30 days have elapsed since defendant was so notified and to date, defendant has not filed a supplemental brief or letter. As defendant has failed to raise any arguments to be addressed, we may dismiss the appeal as abandoned.

Nevertheless, we affirm the court's order based upon a limited review, as "appellate courts can often readily confirm that a defendant is ineligible for relief as a matter of law without conducting an independent review of the entire record." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 230.) At appointed counsel's request we have taken judicial notice of the appellate record in *People v. Riser, supra,* B245327, and we have reviewed the verdicts rendered against defendant, the jury instructions, and the procedural history set forth in the appellate opinion. During the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, where the record shows that no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, or that the petitioner was the actual

4

killer, he is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52-53, 55-56.)

Here, no instructions were given to the jury in defendant's 2012 trial regarding the felony murder rule or the natural and probable consequences doctrine. Moreover, defendant was convicted of first degree murder and the jury found true the allegation that defendant had personally and intentionally discharged a firearm (a rifle) which proximately caused great bodily injury and death to the murder victim. This verdict and the jury's finding demonstrate that defendant was the actual killer and ineligible for relief under section 1172.6 as a matter of law. (See *People v. Harden*, *supra*, 81 Cal.App.5th a pp. 55-56.)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed. NOT TO BE PUBLISHED.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
ASHMANN-GERST, J.

5